UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CHARMINE WADE** | * | **CIVIL ACTION NO.  14-2388** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **THE HOME DEPOT USA, INC. AKA THE HOME DEPOT** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for insufficient process and insufficient service of process, Fed.R.Civ.P. 12(b)(4) and (5) [doc. # 8], filed by defendant Home Depot U.S.A., Inc. ("Home Depot"). The motion is unopposed. For reasons explained below, it is recommended that the motion be DENIED.

## Background

On July 28, 2014, Charmine Wade filed the instant complaint against Home Depot for alleged violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. (Compl.). On October 20 and 24, 2014, plaintiff filed returns of service indicating that she served Home Depot: 1) at its Monroe, Louisiana, store, through "Jeffrey Woods, manager . . . by leaving a certified copy of the summons and complaint with Charles Mock"; and 2) via "CSC of Cobb County, who is designated by law to accept service on behalf of . . . Home Depot USA, Inc." [doc. #s 4-5].

On November 24, 2014, Home Depot filed the instant motion to dismiss for insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and (5) of the Federal

Rules of Civil Procedure. Home Depot contends that it was not properly served.[1] Plaintiff did not file a response to the motion, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 9]. Thus, the motion is deemed unopposed. *Id*.

### Discussion

Defendant seeks dismissal for insufficient process and for insufficient service of process. Fed.R.Civ.P. 12(b)(4) & (5). Although Rules 12(b)(4) and 12(b)(5) sound similar, there is a distinction. Rule 12(b)(4) is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served. *International Fire and Safety, Inc. v. HC Services, Inc.*, 2006 WL 2403496 (S.D. Miss. Aug. 18, 2006). Whereas, a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013). Here, it is manifest that Home Depot is seeking dismissal solely for reasons protected by Rule 12(b)(5).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). A district court "enjoys broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

---

[1] Counsel for Home Depot represented that, on several occasions, he attempted to contact plaintiff's counsel to "obtain a waiver of service" to obviate the need to file the instant motion. (M/Dismiss Memo., pg. 2, n.1). However, he never heard back from plaintiff's counsel, and thus, filed the instant motion. *Id*. This reasoning is perplexing. If defendant wished to waive service and thereby garner the more generous period to file responsive pleadings, it did not need a form from plaintiff to do so. In fact, even without plaintiff's consent, defendant applied for and obtained an extension of time to file responsive pleadings. [doc. #s 6 & 7].

The requirements for service of process on a corporation, partnership, or association are found in Federal Rule of Civil Procedure 4(h), and read as follows:

> **(h) Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed.R.Civ.P. 4(h).

Rule 4(e)(1), in turn, allows a plaintiff to serve a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located **or where service is made**." *Id.* § (e)(1) (emphasis added).

Home Depot contends that plaintiff's two methods of service were ineffective under both the federal method, 4(h)(1)(B), and the forum state method, as incorporated via Rule 4(h)(1)(A) and (e)(1). In the Fifth Circuit, service on a corporation's agent pursuant to Rule 4(h)(1)(B) must be made on an individual "actually authorized . . . to accept service of process on the would-be principal's behalf . . ." *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007) (citing *O'Meara v. New Orleans Legal Assistance Corp.*, Civil Action No. 90–4893, 1991 WL 110401,

3

at *3–4 (E.D. La. June 10, 1991)). Similarly, under Louisiana law, service of process on a domestic or foreign corporation is made, in the first instance, on one of its agents for service of process. *Punctual Abstract Co. Inc. v. U.S. Land Title*, 28 So. 3d 459, 463 (La. App. 5th Cir. 2009) (citing La. C.C.P. Art. 1261).[2]

According to the corporations database for the Louisiana Secretary of State, Home Depot U.S.A., Inc.'s registered agent in Louisiana is CSC of St. Tammany Parish, Inc., 215 St. Ann Drive, Suite 2, Mandeville, LA 70471-3394.[3] Therefore, plaintiff's service attempt on the store manager at Home Depot's Monroe store was ineffective under federal and Louisiana law.

Nevertheless, plaintiff also served Home Depot in Georgia, via CSC of Cobb County, which, according to the corporations database for the Georgia Secretary of State, *is* Home Depot U.S.A., Inc.'s registered agent for the State of Georgia.[4] Indeed, Home Depot does not contest same. *See* M/Dismiss, Memo., pgs. 2-3.[5] Georgia law provides that service may be perfected

---

[2] Service may be made on a corporation's officer, director, or employee only when the corporation has failed to designate an agent for service of process. *See* La. C.C.P. Art. 1261.

[3] *See* https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx?CharterID=359478_CFG62 (last visited on Dec. 19, 2014). Courts may take judicial notice of government websites. *Rhines v. Salinas Const. Technologies, Ltd.*, Civ. Action No. 11-0262, 2011 WL 4688706, at *2 n.2 (S.D. Tex. Oct. 3, 2011) (citing *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir.2005)). Moreover, Home Depot concedes that CSC of St. Tammany Parish is its registered agent in Louisiana. *See* M/Dismiss, Memo., pg. 2.

[4] *See* https://cgov.sos.state.ga.us/Account.aspx/ViewEntityData?entityId=782964 (last visited on Dec. 19, 2014).

[5] Citing *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1 (D.D.C. 2004), Home Depot contends that it cannot be served in Georgia via its registered agent in that state when the suit was filed in another state, i.e. Louisiana. In *Whitehead*, plaintiff attempted to serve defendant via "Corp. Service Company" ("CSC") in Washington D.C. when CSC was not the designated agent for service of process in D.C., but *was* the designated agent for defendant in other jurisdictions. *Whitehead, supra.* Here, in contrast, plaintiff served Home Depot's designated agent for service

against a Georgia corporation, or a foreign corporation authorized to transact business in Georgia, *inter alia*, by delivering a copy of the summons and the complaint to a registered agent of the corporation. (O.C.G.A. § 9–11–4(e)(1)(A)); *see also* O.C.G.A. § 14–2–1510(a) ("registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process . . .").[6]

In sum, it is manifest that service on Home Depot's registered agent in Georgia sufficed to effect service under both federal law, Fed.R.Civ.P. 4(h)(1)(B), and the law of the state where service was made, Fed.R.Civ.P. 4(e)(1), via Rule 4(h)(1)(A).

### Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to dismiss for insufficient process and insufficient service of process, Fed.R.Civ.P. 12(b)(4) and (5) [doc. # 8], filed by defendant Home Depot U.S.A., Inc. be DENIED. Defendant shall file a responsive pleading within 21 days from the date that the pending motion is resolved by the District Court

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

---

in Georgia, *in that state*. It is manifest that service can be made not only in the forum state, but also by following the law of the state where service was perfected. *See Williams v. Air France KLM, S.A.*, Civil Action No. 14-1244, 2014 WL 3626097, at *3 (N.D. Tex. July 23, 2014); *see also Practice Commentary*, David D. Siegel, § C4-26 (Rule 4(e)(1) makes two state alternatives available, those of the forum state and those of the state of service, and both apply for business entities as well).

[6] In another matter presently pending before this court, Home Depot admitted that its principal place of business is in Georgia. *See Dixon v. Home Depot, U.S.A. Inc.*, Civil Action No. 13-2776 (W.D. La.) [doc. # 11].

within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 23rd day of December 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE