UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| CHARMINE WADE | * | CIVIL ACTION NO. 14-2388 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| THE HOME DEPOT USA, INC. AKA THE HOME DEPOT | * | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court are a Motion for Reconsideration [Doc. No. 37] and Motion to Expedite Consideration of the Motion for Reconsideration [Doc. No. 38] filed by Defendant The Home Depot U.S.A., Inc. ("Home Depot"). For the following reasons, Home Depot's Motion to Expedite is GRANTED, and its Motion for Reconsideration is GRANTED IN PART AND DENIED IN PART.

On January 5, 2016, the Court issued a Ruling and Judgment [Doc. Nos. 33 & 34] granting in part and denying in part Home Depot's Motion for Summary Judgment. The Court denied the motion on Plaintiff Charmine Wade's ("Wade") claim of race discrimination based on Home Depot's failure to promote her to a head cashier position. The Court otherwise granted Home Depot's motion, dismissing all of Wade's other claims.

On January 6, 2016, Home Depot filed the pending motions. Given the upcoming trial date of February 2, 2016, the Court has granted the Motion for Expedited Consideration. Home Depot further moves the Court for reconsideration of its Motion for Summary Judgment on Wade's remaining claim of race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Home Depot argues that the Court applied the standard of

review for summary judgments when the case is set for a jury trial, rather than a bench trial. Under the correct standard of review, Home Depot argues that the Court could draw certain inferences based on the evidence which are not permitted if a case is set for jury trial. Finally, Home Depot argues that, contrary to the Court's Ruling, Wade was required to show that she actually applied for the head cashier position because she could not meet the "futile gesture" exception.

Although the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, federal courts generally treat such motions as being filed under Rule 54(b) for interlocutory orders or under Rule 54(e) for final orders or judgment. In this case, the Court finds that review is appropriate under Rule 54(b), which allows a district court to reconsider and reverse its prior rulings on any interlocutory order "for any reason it deems sufficient." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010).

First, Home Depot is correct that the Court mistakenly considered its summary judgment in the context of a jury trial, rather than a bench trial. In *Matter of Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991), the United States Court of Appeals for the Fifth Circuit declined to "decide definitively whether the differences between a jury and nonjury trial merit a difference in the review . . . accord[ed] the two." However, the Fifth Circuit declined to reach this issue because that court had already "determined that a district court has somewhat greater discretion to consider what weight it will accord the evidence in a bench trial than in a jury trial." *Id.* The Fifth Circuit explained:

> "If **. . . there are no issues of witness credibility**, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn . . . Hearing and viewing the witnesses subject to cross-examination would not aid the determination **if there are neither issues of credibility** nor

>controversies with respect to the substance of the proposed testimony. The judge, *as trier of fact,* is in a position to and *ought to draw his inferences* without resort to the expense of trial."

*Id.* at 397-98 (quoting *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978) (italicized text in *Placid Oil*; boldface text added by this Court)). Thus, following *Nunez*, the *Placid Oil* court recognized "that it makes little sense to forbid the judge from drawing inferences from the evidence submitted on summary judgment when that same judge will act as the trier of fact, **unless those inferences involve issues of witness credibility or disputed material facts.**" 932 F.2d at 398.

Home Depot's Motion for Reconsideration is GRANTED to the extent that the Court treated this case as a jury trial and failed to apply the summary judgment case law applicable to bench trials. However, Home Depot's Motion for Reconsideration is DENIED to the extent that it contends it is entitled to summary judgment based on this standard. The Court does think this case is a close call, but it is a close call based in large part on the credibility of key witnesses. Wade claims that Lebeouf misled her about the head cashier position while giving the white employee, Olivia Pescatore ("Pescatore"), the correct information, and then, ultimately, awarding the position to Pescatore. According to Home Depot, Lebeouf will testify that Wade never approached him about the head cashier position awarded to Pescatore. This is the classic type of credibility determination which should be considered at trial.

Finally, the Court has considered Home Depot's additional argument that Wade has failed to establish the futile gesture exception to her duty to apply for a position. Home Depot argues that under *Irons v. Aircraft Service Intern, Inc.*, 392 Fed. App'x. 305, 312 (5th Cir. 2010), an employee can only avoid the duty to apply for a position if she can show that she "was deterred

by a known and consistently enforced policy of discrimination." *Id.* (citation omitted). Home Depot has correctly stated the case law in *Irons*, but its argument assumes that the "futile gesture" is the only possible exception to an employee's duty to apply for a promotion. The case law previously cited by the Court provides otherwise. The Court stands by its previous finding that, if an employer has affirmatively misled an employee about a position to prevent her from applying, while providing accurate information to a candidate of another race, she has met her *prima facie* burden of showing that she "sought" the position upon which her discrimination case is based. Thus, to this extent, Home Depot's Motion for Reconsideration is DENIED, and this case will proceed to bench trial.

    MONROE, LOUISIANA, this 7th day of January, 2016.

 

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE