UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

CHARMINE WADE                                    CIVIL ACTION NO.  14-2388

VERSUS                                           JUDGE ROBERT G. JAMES

THE HOME DEPOT USA, INC. AKA          MAG. JUDGE KAREN L. HAYES
THE HOME DEPOT

RULING

Pending before the Court is a Motion in Limine [Doc. No. 27] filed by Defendant The

Home Depot U.S.A., Inc. ("Home Depot").  Home Depot moves the Court to exclude

"previously unidentified witness[es] and 'me-too' witnesses" from testifying at the bench trial in

this matter.  In its memorandum, Home Depot clarifies that it also seeks to exclude other

inadmissible testimony, including anticipated hearsay.  Plaintiff Charmine Wade ("Wade") did

not file an opposition memorandum, despite being given an extension of time to do so.  For the

following reasons, Home Depot's Motion in Limine is GRANTED IN PART AND DENIED IN

PART.

I.      RELEVANT FACTS AND PROCEDURAL HISTORY

Wade is currently employed by Home Depot as a cashier.  She alleges that she was

wrongfully denied a promotion to head cashier because of her race (African-American).  Home

Depot denies her allegations.  A bench trial is currently set for February 2, 2016.[1]

Wade filed a Complaint in this Court on July 28, 2014.  In their Joint Case Management

_____

[1]Wade and Home Depot have agreed to a settlement conference which is set for January
21, 2016.

Report, the parties reported that initial disclosures would be completed on or before March 12, 2015.  According to Home Depot's undisputed facts, however, Wade never made her initial disclosures.

The Court's Scheduling Order issued on March 4, 2015.  Under that order, Wade was required to deliver her witness list to Home Depot no later than July 24, 2015.  A discovery deadline was set for September 24, 2015.

On or about June 9, 2015, Wade provided responses to Home Depot's interrogatories. When asked to identify any persons "who possess knowledge pertaining to any fact or issue involved in this case" [Doc. No. 27, Exh. B], she listed Sylvia Mitchell, Olivia Pescatore, Ronnie Lebeouf, Tyuola Earl, Yolonda Anders, Clifton Hawthorne, and Terrinesh Burns.[2]

Wade provided her Witness and Exhibit List to Home Depot on August 20, 2015, almost one month late.[3]

On September 9, 2015, Home Depot took Wade's deposition.  Home Depot then moved for summary judgment on October 9, 2015, requesting dismissal of all Wade's claims.

On October 27, 2015, Wade emailed Home Depot an "Amended Witness List" identifying Shirley Savage ("Savage") and Julie Hearn ("Hearn") as witnesses for the first time.

On November 23, 2015, Wade attached affidavits from Savage, Terrinesh Burns ("Burns"), and Yolanda Anders ("Anders") in support of her memorandum in opposition to Home Depot's Motion for Summary Judgment.

---

[2]There are some discrepancies in the spelling of witnesses' names, but it is clear to whom both Wade and Home Depot refer.  The Court has used Home Depot's spelling since these are all employees or former employees of that company.

[3]The witness list is dated July 23, 2015, but it is undisputed that this list was emailed to Home Depot's counsel on August 20, 2015. [Doc. No. 27, Exh. C].

## II.   MOTION IN LIMINE

### A.   Previously Unidentified Witnesses

First, Home Depot moves to exclude two witnesses whom Wade did not timely identify. Home Depot has presented undisputed evidence that Wade did not identify Hearn and Savage as potential witnesses in this case until November 23, 2015, well after the applicable deadlines, and after Home Depot's Motion for Summary Judgment was filed.

Federal Rule of Civil Procedure 37(c)(1) provides:

(1) *Failure to Disclose or Supplement.*  If a party fails to . . . or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. **In addition to or instead of** this sanction, the court, on motion and after giving an opportunity to be heard:

(A)   may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B)   may inform the jury of the party's failure; and

(C)   may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).[4]

---

[4]Rule 37(b)(2)(A)(i)-(vi) provides that the Court may issue orders

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(emphasis added).  Thus, under Rule 37(c) the Court has the discretion to either exclude the unidentified witnesses or to take other actions.[5]

In this case, Wade has offered no explanation to show that her failure to disclose these two witnesses was "substantially justified."  She clearly failed to comply with the Federal Rules of Civil Procedure and the Court's Scheduling Order requiring that she disclose potential witnesses.  For unknown reasons, Wade did not identify these persons until after Home Depot filed its Motion for Summary Judgment.  She failed to timely oppose the instant Motion in Limine to provide any explanation.  Then, even after being given another opportunity to oppose the motion by Magistrate Judge Hayes,[6] she still failed to file an opposition memorandum or offer any explanation for her actions.  Therefore, Wade has failed to establish that she was substantially justified in her actions.

When determining whether a party's failure to disclose a potential witness was harmless, the Court must consider four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."  *Texas A&M Research*

---

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vi).

[5]In this case, there is no jury, so Rule 37(c)(1)(B) does not provide a viable option.

[6]Prior to the pre-trial conference, Wade's deadline for opposing the Motion in Limine had passed.  At the pre-trial conference, Magistrate Judge Hayes re-opened the deadline and gave counsel until January 8, 2016, to file an opposition memorandum.  No opposition memorandum has ever been filed.

*Foundation v. Magna Transp., Inc.*, 338 F.3d 394 (5th Cir. 2003).[7]

The Court has first considered the importance of the testimony of these two witnesses. Hearn is expected to testify about the "general operations of Home Depot" and to "Craig Lowe['s] deceptions and attempts to cover up discrimination." [Doc. No. 27, Exh. A].  To the extent that she offers testimony about the general operations of Home Depot, the testimony is of little value when other witnesses can provide that information.  To the extent that she offers testimony about a former assistant manager, Craig Lowe ("Lowe"), her testimony is irrelevant. Lowe is not alleged to have participated in the failure to promote Wade to head cashier, the only claim remaining before the Court.

With regard to Savage, she is expected to testify about her knowledge of "disciplinary procedures" that "are used in a discriminatory fashion where black employees are more severely [disciplined] for behavior similar to or identical to white employees." [Doc. No. 27, Exh. A]. This testimony appears to have little relevance, if any, to the remaining claim before the Court. Wade does not have a claim for discriminatory discipline, but only for failure to promote. Further, to the extent that Savage will testify in generalities or in a speculative fashion, her testimony is likely inadmissible.  Any testimony Savage would provide would have to be limited to specific evidence of racial discrimination.  Therefore, the Court finds that the testimony of Hearn and Savage would appear to be of little importance to the claim before the Court.

Next, the Court has considered the potential prejudice to Home Depot of allowing these two witnesses to testify.  Home Depot contends that the prejudice is great.  The discovery deadline is long passed, and Home Depot did not have the opportunity to depose them.  Although

---

[7]Although the Federal Rules of Civil Procedure have been amended since this opinion issued, the consideration of whether a violation is harmless remain the same.

the Court could reopen discovery, it would require an outlay of resources to depose two witnesses of possibly cumulative or inadmissible evidence.  The Court agrees.

The Court has also considered the possibility of a continuance.  While a continuance is possible, it does not appear to be in the interest of justice, given the stage of litigation and the limited testimony the witnesses could offer.

Finally, Wade has offered the Court no explanation whatsoever for her failure to identify these witnesses until after Home Depot's Motion for Summary Judgment was filed.

Given the failure of Wade to provide the Court with any explanation or justification for her failure to disclose these two witnesses, the limited testimony they could provide (if any), and the prejudice to Home Depot, the Court finds that Home Depot's Motion in Limine should be GRANTED as to these two witnesses.  Hearn and Savage are stricken from Wade' s witness list and will not be permitted to testify at trial.

### B.   Other Allegedly Inadmissible Witness Testimony

Home Depot also moves the Court to exclude so-called "me-too" testimony of witnesses and/or other inadmissible testimony, including hearsay or double hearsay.

#### 1.   Me-Too Testimony

Home Depot argues that Burns, Anders, and Savage will testify that they, too, were subjected to racial discrimination by Home Depot.  To the extent that Home Depot moves to exclude any such testimony by Savage, the Court has already stricken her from Wade's witness list, and and no further consideration of her potential testimony is necessary.

Based on Burns' affidavit that Wade submitted in opposition to Home Depot's Motion for Summary Judgment, Burns is expected to testify that Jeff Woods ("Woods"), the store manager, "discriminates against blacks," that she is given less favorable hours than a white

employee, and that a white female employee is given more favorable treatment under the employee dress code than black employees. [Doc. No. 23, Burns Aff.].[8]

Also based on her affidavit, Anders is expected to testify that Woods' nephew, who is white, had more "'points' against him than I had . . . but I was fired and the nephew . . . was not." [Doc. No. 23, Anders Aff.]. Anders will testify further that there is a "general atmosphere of discrimination" at Home Depot. *Id.*

Under Federal Rule of Evidence 701, a witness not testifying as an expert may offer opinion testimony that is "rationally based" on his or her own "perception," that is " helpful to clearly understanding the witness's testimony or determining a fact in issue," and that is "not based on scientific, technical, or other specialized knowledge." To be admissible, any evidence, offered through testimony or otherwise, must be relevant to the claims before the Court. Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." However, even if relevant, evidence may be excluded if its "probative value is substantially outweighed by a danger of . . unfair prejudice, confusing the issues, . . . undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. CIV. 403.

Burns' and Anders' subjective beliefs and unproven allegations that they suffered racial discrimination in the form of scheduling, dress code, or even disciplinary decisions do not constitute evidence that they were discriminated against or that Wade suffered racial discrimination when she was not promoted to head cashier. A plaintiff cannot "effectively force the employer to defend 'mini-trials' on other employees' claims of discrimination that are 'not

---

[8]Burns also offered other testimony in her affidavit, the admissibility of which is not contested.

probative on the issue of whether [the plaintiff] faced discrimination.'" *Lawson v. Graphic Packaging Intern. Inc.*, 549 Fed. App'x 253, 256 (5th Cir. 2013) (citing *Wyvill v. United Cos. Life Ins. Co.*, 212 F.l3d 296, 303 (5th Cir. 2000); *Harpring v. Cont'l Oil Co.*, 628 F.2d 406, 410 (1980) (other citations omitted)).  To the extent that this type of testimony has some marginal relevance as evidence of discrimination, that relevance is substantially outweighed by unfair prejudice and confusion of the issues.  This is particularly the case, where, as here, it is unclear if any of the same decisionmakers were involved, and the employment actions complained of are entirely different from the one in this lawsuit.  *See generally Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) ("The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case[;] Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry.").

Likewise, Burns' testimony that Woods "discriminates against blacks," and Anders' testimony on the "general atmosphere of discrimination" at Home Depot are also inadmissible. The only basis for their testimony is the proffered excluded anecdotes and their own subjective belief and speculation.

Thus, to the extent that Home Depot moves to exclude the identified testimony of Burns and Anders, its motion is GRANTED, and this testimony will be excluded from trial.

### 2.    Anticipated Hearsay Testimony from Sylvia Mitchell

Home Depot also moves the Court to exclude any hearsay testimony offered by witness Sylvia Mitchell ("Mitchell").  In the affidavit submitted with Wade's opposition to Home Depot's Motion for Summary Judgment, Mitchell made averments about Wade's inquiry to

8

Lebeouf about the head cashier position and his alleged response to her.  Home Depot contends that Mitchell's testimony in this regard will be based on inadmissible hearsay.

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  FED. R. EVID. 801(c).  Unless there is an exception, hearsay is not generally admissible.  FED. R. EVID. 805.

As Home Depot notes in its memorandum, the Court does not know "[w]ho informed . . . Mitchell of these alleged conversations" or whether she witnessed them herself. [Doc. No. 27, p. 16].  Without that information, the Court cannot determine whether all or part of Mitchell's testimony is admissible.  If, for example, Mitchell was present and heard Lebeouf's statements to Wade, she could testify at trial to the extent that Lebeouf's statements are not hearsay and may be admissible as the statement of a party opponent pursuant to Federal Rule of Evidence 801(d)(2).  If, on the other hand, Mitchell's testimony is based solely on what Wade told her, it is clearly inadmissible.  Home Depot's Motion in Limine with regard to Mitchell's testimony is DENIED at this time, subject to re-urging at trial.

## III.   CONCLUSION

For the foregoing reasons, Home Depot's Motion in Limine [Doc. No. 27] is GRANTED IN PART AND DENIED IN PART.  To the extent that Home Depot moves to exclude Hearn and Savage from testifying altogether and to exclude Burns and Anders from providing certain testimony at trial, its motion is GRANTED.  To the extent that Home Depot moves to exclude Mitchell from testifying, its motion is DENIED, subject to re-urging at trial.

9

MONROE, LOUISIANA, this 19th day of January, 2016.


ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

10